## SAMARTINO v. DADE COUNTY MEDICAL ASSOCIATION, Inc., et al.
No. 67-7630.

Circuit Court, Dade County.

June 19 and 22, 1967.

Edward P. Swan and Charnelle H. Summers, Jr., both of Miami, and Ben J. Sheppard, Coral Gables, for plaintiff.

Frank J. Kelly, Miami, for defendant Dade County Medical Association, Inc.

Carey A. Randall, Miami, for defendant Southern Bell Tel. & Tel. Co.

HAL P. DEKLE, Circuit Judge.

*Final judgment, June 19, 1967:* This cause came on to be heard on plaintiff's complaint and answers filed by the defendant Dade County Medical Association, Inc. ("association" hereafter) and the defendant Southern Bell Telephone and Telegraph Company ("telephone company" hereafter), and the court having heard this cause upon final hearing and taken testimony and considered argument of counsel and being duly advised in the premises, makes the following findings —

That this court has jurisdiction of the parties and the subject matter of this suit.

That the plaintiff has properly brought this law suit as a class action under the provisions of Rule 1.220, Florida Rules of Civil Procedure, 1967 Revision.

That the matters contained in plaintiff's complaint and litigated in this cause affect the public interest, health and convenience, thereby giving this court jurisdiction and authority for the findings and orders included herein.

That the provisions of chapter 458 of the Florida Statutes do not expressly control the subject matter of this suit, and more particularly that §458.14 controls the delineation of the healing arts in general, and does not control or affect medical specialties for medical doctors in particular, and therefore is not binding upon the matter litigated herein.

This court finds that the guidelines for telephone directory listings as prepared by the Judicial Council of the American Medical Association in June, 1966, includes the following paragraph which was set forth in the ballot submitted to the members of the association in regard to its recent action on specialty headings —

"II

Physicians' names should be listed alphabetically in the classified section of the telephone directory. It is not objectionable in this alphabetical listing to follow the physician's name with the simple statement 'practice limited to —.' " (Exhibit BI)

This court further finds that the foregoing guidelines further provide the following provisions, which were not included in the foregoing ballot —

"If, in a particular community the county medical society believes it would be helpful to the public to follow the alphabetical listing with a listing of physicians by type of practice, only those specialties and sub-specialties recognized by the American Medical Association and the Advisory Board for Medical Specialties should be used. Only those physicians who are Board certified or who limit their practice exclusively to a specialty should list themselves in the designated field.

"No physician should be permitted to list himself under more than two such specialties or sub-specialties."

The court finds that the action, ruling or edict of the defendant association as complained of in this litigation affects the livelihood of plaintiff and those in his class as relates to his right to contract and practice medicine, and therefore such action is violative of the due process clauses of the fourteenth amendment to the United States constitution and section 12 of the declaration of rights of the Florida constitution.

The court finds that the plaintiff and those in his class would be subject to sanction by the defendant association by reason of their failure to obey the foregoing ruling or edict of the association held by the terms of this judgment to be unconstitutional, and that plaintiff's prayer for a permanent injunction as against both defendants, in view of all of the testimony and law considered by the court, should be granted.

It is therefore ordered and adjudged as follows —

1. That plaintiff's prayer for a permanent injunction against the defendant association and the defendant telephone company is granted.

2. That the injunctive relief granted is binding not only upon the defendant association and the defendant telephone company, but is equally binding upon all duly licensed practicing medical doctors in Dade County as a class; and it is ordered that the clerk of this court shall forthwith mail to each practicing medical doctor a copy of this judgment, and each and every such doctor is required to file any response or objections hereto, if any he has, and such response shall be heard at 5 p.m., Wednesday, June 21, 1967, at 416 Dade County Courthouse, Miami, and this order shall constitute notice of the terms of this order and shall be binding upon each and every such doctor.

3. It is specifically ordered that specialty headings for medical doctors in Dade County are not prohibited, subject to the provisions of this injunctive order, and the defendant association and the defendant telephone company are both permanently enjoined from in any manner eliminating the publication of specialty headings for medical doctors in Dade County, consistent herewith, and the defendant association is further permanently enjoined and restrained from invoking any sanctions, discipline or removal from membership of any member of the association, or refusing membership therein to him, because of telephone listings, so long as the medical doctor is in compliance with the ruling of this court, and said defendant is further enjoined from pursuing its present ruling or edict in regard to specialty headings and said ruling is hereby stricken down and declared void.

4. That medical doctors in Dade County may publish and subscribe to specialty headings in the classified telephone directories of the defendant telephone company in Dade County, provided, however, that as a prerequisite thereto the doctor so publishing specialty headings shall furnish to the defendant company competent evidence of Board certification or Board eligibility for such specialties as recognized by the American Medical Association. Such certification or eligibility may be determined from a list furnished by the association to the telephone company.

5. It is further ordered and provided that no medical doctor shall so publish or subscribe to specialty headings of more than two specialties; however, any medical doctor may submit and the telephone company shall accept and publish under the alphabetical general heading of medical doctors, without regard to Board qualification or the furnishing of proof thereof, as many as two particular specialties, provided that the doctor so listing does in fact limit his practice to such specialties and that said specialties are recognized by the American Medical Association, in accordance with the list hereto attached.

6. That the plaintiff in this cause is awarded the costs of this litigation as may be taxed under the law.

## MEDICAL SPECIALTIES

The following Specialties, including General Practice, are recognized by the American Medical Association:

ADM    Administrative Medicine
A    Allergy (sub-specialty of Internal Medicine)
ANES    Anesthesiology
AM    Aviation Medicine (special field of Preventive Medicine)

CD     Cardiovascular Disease (sub-specialty of Internal Medicine)
CHP    Child Psychiatry (sub-specialty of Psychiatry)
CRS    Colon and Rectal Surgery
DR     Diagnostic Radiology (special field of Radiology)
D      Dermatology
FOP    Forensic Pathology (special field of Pathology)
GE     Gastroenterology (sub-specialty of Internal Medicine)
GP     General Practice
GPM   General Preventive Medicine (special field of Preventive Medicine)
GS     General Surgery
IM     Internal Medicine
NS     Neurological Surgery
N      Neurology
OBG   Obstetrics and Gynecology
OM    Occupational Medicine (special field of Preventive Medicine)
OPH    Ophthalmology
ORS    Orthopedic Surgery
OTO    Otolaryngology
PATH   Pathology
PD     Pediatrics
PDA    Pediatric Allergy (sub-specialty of Pediatrics)
PDC    Pediatric Cardiology (sub-specialty of Pediatrics)
PM    Physical Medicine and Rehabilitation
PS     Plastic Surgery
P      Psychiatry
PH     Public Health (special field of Preventive Medicine)
PUD    Pulmonary Diseases (sub-specialty of Internal Medicine)
R      Radiology
TR     Therapeutic Radiology (special field of Radiology)
TS     Thoracic Surgery
U      Urology
00     Unspecified (retired, not in practice, no specialty reported)
99     Other (speciality not recognized)

*Amendment to final judgment, June 22, 1967:* This cause came on duly for hearing before me at 5 p.m. on Wednesday, June 21, 1967, pursuant to provision and notice contained in the court's final judgment of June 19, 1967, mailed on said date to all medical doctors in the county. The parties, their counsel and various medical doctors appeared and were heard, and the court being fully advised in the premises, consistent with its pronouncements in the final judgment, deems it necessary and appropriate to supplement and amend certain provisions therein, and does hereby amend said final judgment in the following respects only —

1. As to the A.M.A. medical specialty of "General Practice", there is no A.M.A. Board certification and therefore any medical doctor engaged in general practice may list his name under such specialty heading in the yellow pages of the Greater Miami telephone directory without furnishing any evidence of Board certification or Board qualification therein.

2. The list of medical specialties allowed to be used in the telephone directory and attached to the final judgment is amended for the sake of clarity to provide — (a) *Otolaryngology — Ear, Nose & Throat,* and (b) *Opthalmology — Eye.*

3. In listing any specialty or subspecialty consistent with the final judgment as amended, either under such specialty or after the name in the general listing of *Physicians & Surgeons,* an appropriate limitation of the specialty to a particular area of the body may be inserted, e.g. — *Plastic Surgery — Ear, Nose & Throat,* or *Practice Limited to Nose & Throat.*

4. The terms "Board eligibility" and "eligibility" in paragraph 4 of the final judgment are deleted, and in lieu thereof it is ordered that as a prerequisite to publish under a specialty heading in the telephone directory the doctor shall furnish to the telephone company on or before June 26, 1967, a letter signed by the doctor, stating that he has met the requirements to qualify for Board certification in the named specialty or specialties, except for Board examinations. Consistent with this provision, the doctor who is Board certified may either furnish a copy of his certificate, or his letter stating that he holds such Board certification. The defendant telephone company is authorized and directed to act in accordance with these amended provisions.

5. In all other respects the final judgment remains the same.

6. This court retains jurisdiction for purposes of implementing and enforcing the provisions of the final judgment as amended herein.